UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLOWE BROWN, | No. C 12-6513 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| KEVIN CHAPPELL, Warden; et al., | |
| Defendants. | |

## INTRODUCTION

Marlowe Brown, an inmate incarcerated at San Quentin State Prison, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C.§ 1915A.

## BACKGROUND

In this action, Brown complains about some allegedly false information in his prison records. Brown alleges that, in 1974, he was convicted upon a plea of "detaining a female" in Louisville, Kentucky. Docket # 1, p. 3. He allegedly was allowed to enter that plea because there was no evidence to support the alleged attempted rape charge. *Id.* At some unknown point in time after he returned to prison in 2005, "someone in prison records decided to put the attempted rape back on my prison file." *Id.* He has been attempting since 2007 to have the reference to the attempted rape removed from his file, to no avail. He alleges that having the reference to the attempted rape "h[i]nders him from certain incentives and programs which he would ordinarily be eligible for." *Id.* at 4.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Defamation alone is not a constitutional violation, even when done under color of state law. *See Paul v. Davis*, 424 U.S. 693, 701-710 (1976). Reputation is not a liberty or property interest protected by the Due Process Clause unless it is accompanied by "some more tangible interests." *Id.* at 701. "[A]lteration or extinguishment of 'a right or status previously recognized by state law,'" *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1185 (9th Cir. 2009), *overruled on other grounds*, 131 S. Ct. 447 (2010), (quoting *Paul v. Davis*, 424 U.S. at 711), or violation of a right specifically secured by the Bill of Rights, *Cooper v. Dupnik*, 924 F.2d 1520, 1532 n.22 (9th Cir. 1991), constitute deprivation of such "tangible" interests. This has become known as the "stigma-plus" test. *Humphries*, 554 F.3d at 1185. There are several ways to meet the "stigma-plus" test, e.g., alleging that the injury to reputation *caused* the denial of a federally protected right, or alleging that the injury to reputation was inflicted *in connection with* a federally protected right, or alleging that the challenged action "creates both a stigma and a tangible burden on an individual's ability to obtain a right or status recognized by state law." *Humphries*, 554 F.3d at 1188; *Cooper*, 924 F.2d at 1532. The stigma-plus test cannot be met by alleging collateral consequences of the defamation, such as loss of business, public scorn and potential loss of employment, *see Cooper*, 924 F.2d at 1534.

2

Here, the complaint alleges that someone wrote in Brown's prison record that he has an "attempted rape," which might with liberal construction suffice to state a state law tort claim for defamation.[1] However, the complaint does not state a § 1983 defamation claim because it does include allegations to satisfy the "stigma" or the "plus" parts of the stigma-plus test. That is, the complaint (a) does not allege that the allegedly defamatory statements injured plaintiff's reputation and (b) does not allege that the injury to reputation caused the denial of a federally protected right, or was inflicted in connection with a federally protected right, or created both a stigma and a tangible burden on Brown's ability to obtain a right or status recognized by state law. Leave to amend will be granted so that Brown may make these allegations. He is cautioned that he cannot merely allege there was a property or liberty interest – he has to identify what that the property or liberty interest was.

There also is a problem with the defendant(s). In the portion of the complaint where Brown was directed to list the defendant(s), he listed the warden and "Inmate Records of San Quentin State Prison." "Inmate Records" appears to be a department at the prison, and not an entity capable of being sued. In his amended complaint, Brown must allege facts showing the basis for liability for each individual defendant he proposes to hold liable. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Brown is cautioned that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. *See Board of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997). As to supervisors, a supervisor may be liable under section 1983 upon a showing

---

[1] Due to the wording of the complaint, the court cannot determine whether Brown is claiming that someone wrote that he had been convicted of attempted rape or wrote that he had been charged with attempted rape. In his amended complaint, Brown must clarify what the exact problem was.

3

of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **May 17, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 23, 2013

_____
SUSAN ILLSTON
United States District Judge

4