UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLOWE BROWN, | No. C 12-6513 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| KEVIN CHAPPELL, Warden; et al., | |
| Defendants. | |

Marlowe Brown, an inmate incarcerated at San Quentin State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983, complaining about the inclusion of allegedly false information in his prison records that he contended amounted to libel and slander. The court reviewed the complaint and dismissed it with leave to amend. Brown then filed an amended complaint, which the court now reviews pursuant to 28 U.S.C. § 1915A.

When it dismissed the original complaint with leave to amend, the court explained that defamation alone is not a constitutional violation, even when done under color of state law, and that reputation is not a liberty or property interest protected by the Due Process Clause unless it is accompanied by some more tangible interests. *See* Docket # 3 at 2 (citing *Paul v. Davis*, 424 U.S. 693 (1976)). The court granted leave to amend so that Brown might attempt to allege a § 1983 defamation claim that satisfied *Paul v. Davis*. The court also directed Brown that he needed to name a defendant capable of being sued and show a basis for liability for each defendant that he wanted to sue.

Brown's amended complaint (Docket # 5) fails to cure the defects identified in the order of dismissal with leave to amend. Brown failed to allege a cognizable § 1983 defamation claim because the amended complaint (a) did not allege that the allegedly defamatory statements injured plaintiff's reputation and (b) did not allege that the injury to reputation caused the denial of a federally protected right, or was inflicted in connection with a federally protected right, or created both a stigma and a tangible burden on Brown's ability to obtain a right or status recognized by state law. Additionally, although Brown named the warden as a defendant in his amended complaint, he failed to link the warden to his claim by alleging any personal involvement by the warden in the constitutional deprivation or a causal connection between the warden's conduct and a constitutional violation.

Brown attached to his amended complaint a classification score sheet, and alleged that his ability to obtain "certain assignments and incentives" was affected by the incorrect information in his records. *See* Docket # 5 at 1. The incorrect information on the classification score did not amount to a violation of Brown's federal right to due process. Although California has created a regulatory scheme from which a protected liberty interest in classification and custody designation might arise, the liberty in question generally is not protected by the Due Process Clause because the deprivation of a correct classification or custody designation cannot be characterized as one of "real substance," i.e., it does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995), or "inevitably affect the duration of [a] sentence," *id.* at 487. And the changes in conditions relating to classification and reclassification do not implicate the Due Process Clause itself. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Dagget*, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular classification).

This action is dismissed because the amended complaint fails to state a claim upon which relief may be granted. Further leave to amend will not be granted because it would be futile. Although Brown cannot proceed in federal court, he might consider pursuing any administrative and state court remedies that might be available to him for the correction of allegedly false

2

prison records. *See generally* 15 Cal. Code Regs. § 3450.

The clerk shall terminate the "motion" at Docket # 5. The document at Docket # 5 is the amended complaint, and not a motion. The clerk shall then close the file.

IT IS SO ORDERED.

Dated: September 23, 2013

_____
SUSAN ILLSTON
United States District Judge